IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **TEXAS IP RESEARCH, LLC,** *Relator*, v. **(1) BASF SE and (2) BASF Corporation,** *Defendants*, | Civil Action No. 5:11-CV-018 JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator Texas IP Research, LLC ("Relator") makes the following allegations against related BASF SE and BASF Corporation (collectively, "BASF" or "Defendant"):

### NATURE OF THE ACTION

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

### PARTIES

2. Relator is a Texas limited liability company having a principal place of business at 14 Ashlee Blvd., Nash, TX 75569. Relator has appointed Thomas R. Carroll, Jr., 14 Ashlee Blvd., Nash, TX 75569, as its agent for service of process.

3. On information and belief, BASF SE is a German corporation with its principal place of business at Carl-Bosch-Strasse, 3B, 67056 Ludwigshafen, Germany. On information and belief, BASF SE may be served at Carl-Bosch-Strasse, 3B, 67056 Ludwigshafen, Germany, via an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service.

4. On information and belief, BASF Corporation is a subsidiary of BASF SE and is a Delaware corporation with its principal place of business at 100 Campus Drive,

Florham Park, NJ 07932. BASF Corporation has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

7. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and/or continues (and/or has and continues to cause others) to transact business in this District, and has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and/or continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## FACTS

8. BASF has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S.

Patent No. 4,798,619 ("The '619 Patent"), a true and correct copy of which is attached as Exhibit A, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the Arsenal® PowerLine™ herbicide, Chopper® herbicide, Arsenal® herbicide Applicators Concentrate, Sahara® DG herbicide, and Arsenal® herbicide products, as illustrated in Exhibits B-G.

9. The '619 Patent (Exhibit A), which is titled "2-(2-Imidazolin-2-YL)-Pyridines and Quinolines and Use of Said Compounds as Herbicidal Agents," was filed in the United States on April 10, 1986 and issued on January 17, 1989. The '619 Patent is a division of S/N 382,041, filed May 25, 1982.

10. The '619 Patent expired, at the very latest, on January 17, 2006.

11. When the '619 Patent expired, all future rights in that patent ceased to exist.

12. Subsequent to expiration of the '619 Patent, BASF has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising this patent in combination with its Arsenal® PowerLine™ herbicide products. *See, e.g.*, Exhibit B (containing, in part, product label, bearing a copyright date of 2009, indicating that the label supersedes a label made in April 2007, and marking, affixing, and/or advertising the Arsenal® PowerLine™ herbicide products in combination with the '619 Patent); Exhibit C (containing, in part, product label, bearing a copyright date of 2007, and marking, affixing, and/or advertising the Arsenal® PowerLine™ herbicide products in combination with the '619 Patent).

13. Subsequent to expiration of the '619 Patent, BASF has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising this patent in combination with its Chopper® herbicide products. *See, e.g.*, Exhibit D

(containing, in part, product label, bearing a copyright date of 2008, indicating that the label supersedes a label made in April 2006, and marking, affixing, and/or advertising the Chopper® herbicide products in combination with the '619 Patent).

14. Subsequent to expiration of the '619 Patent, BASF has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising this patent in combination with its Arsenal® herbicide Applicators Concentrate products.  *See, e.g.*, Exhibit E (containing, in part, product label, bearing a copyright date of 2008, indicating that the label supersedes a label made in April 2006, and marking, affixing, and/or advertising the Arsenal® herbicide Applicators Concentrate products in combination with the '619 Patent).

15. Subsequent to expiration of the '619 Patent, BASF has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising this patent in combination with its Sahara® DG herbicide products.  *See, e.g.*, Exhibit F (containing, in part, product label, bearing a copyright date of 2006, indicating that the label supersedes a label made in April 2005, and marking, affixing, and/or advertising the Sahara® DG herbicide products in combination with the '619 Patent).

16. Subsequent to expiration of the '619 Patent, BASF has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising this patent in combination with its Arsenal® herbicide products.  *See, e.g.*, Exhibit G (containing, in part, product label, bearing a copyright date of 2006, and marking, affixing, and/or advertising the Arsenal® herbicide products in combination with the '619 Patent).

17. BASF is a large, sophisticated company. *See, e.g.*, Exhibit H at p. 14 (containing, in part, BASF's 2009 Report, indicating that BASF "aim[s] to remain the world's leading chemical company in the future").

18. BASF has, and routinely retains, sophisticated legal counsel. *See, e.g.*, Exhibit H at p. 187 (indicating that "[s]ince 2005, several class action lawsuits, among others, against BASF SE and BASF Corporation have been filed in U.S. Courts" and that "BASF is defending itself against these lawsuits").

19. BASF has decades of experience applying for, obtaining, licensing, and/or litigating patents. *See, e.g.*, Exhibit H, at p. 21 ("The Patent Asset Index$^{TM}$ compares patent portfolios worldwide and is a transparent indicator for a company's innovative strength. In 2009, BASF was ranked first in the Index . . . .").

20. BASF knows, and at the very least reasonably should know, that the above expired patent does not cover any of the accused BASF products, or any products whatsoever. *See, e.g.*, Exhibit H, at p. 110 ("[T]he Global Intellectual Property unit at BASF SE, together with the appropriate units of the U.S.-based BASF Corporation . . . monitors all the intellectual property rights of BASF.").

21. As a result of its false marking, BASF has injured the United States Government, including its sovereign interest, and Defendant's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement. *See, e.g.*, Exhibit H, at p. 21 ("Patents form a crucial foundation for [BASF's] long-term competitiveness.").

## CLAIM

22. Relator incorporates paragraphs 1–21, as if fully set forth herein.  BASF has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including the Arsenal® PowerLine™ herbicide, Chopper® herbicide, Arsenal® herbicide Applicators Concentrate, Sahara® DG herbicide, and Arsenal® herbicide products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a).   A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b).   A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c).   An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d).   An award of pre-judgment and post-judgment interests on any monetary award;

(e).   An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).   Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 27, 2011                               Respectfully submitted,

By: /s/ Hao Ni

Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2631
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator**
**TEXAS IP RESEARCH, LLC**